ORIGINAL

FILED IN OFFICE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

2005 APR -8  P 12: 45

U.S. DISTRICT COURT
DISTRICT OF MASS

---

**GARDEN CITY BOXING CLUB, INC.,**
as Broadcast Licensee of the **May 3, 2003**
**DeLaHoya/Campas**, Program,

    Plaintiff,

-against-

JORGE MEJIA, Individually, and as officer, director, shareholder and/or principal of CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO, and CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO;

    Defendants.

---

**COMPLAINT**
**05 CV 10705 RCL**
Civil Action No.

RECEIPT #_____
AMOUNT $ 250.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 4/8/2005

MAGISTRATE JUDGE MBB

    Plaintiff, **GARDEN CITY BOXING CLUB, INC.,** by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

    1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

    2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions

-1-

reasonable attorney's fees.

WHEREFORE, the plaintiff, **GARDEN CITY BOXING CLUB, INC.,** requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

> (a) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);
>
> (b) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);
>
> (c) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;
>
> (d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(c), together with such
>
> other and further relief as this Court may deem just and proper.

Dated: April 4, 2005
       Ellenville, New York

                                   **GARDEN CITY BOXING CLUB, INC.**

                                   By: _____
                                      WAYNE D. LONSTEIN, ESQ..
                                      Attorney for Plaintiff
                                      LONSTEIN LAW OFFICE, P.C.
                                      Office and P.O. Address
                                      1 Terrace Hill : P.O. Box 351
                                      Ellenville, NY  12428
                                      Telephone: (845) 647-8500
                                       Facsimile:  (845) 647-6277
                                      *Our File No. 03-5MA-03G*

arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, <u>inter alia,</u> all defendants reside within the Commonwealth of Massachusetts (28 U.S.C. § 1391(b) and 28 U.S.C. §101).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the Commonwealth of Massachusetts.

## THE PARTIES

5. The plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Upon information and belief the defendant, JORGE MEJIA, resides at 46 Shattuck Street, Lawrence, MA  01843.

7. Upon information and belief, the defendant, CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL  LATINO AMERICANO, is a business entity, the exact nature of which is unknown, having its principal place of business at 81 Common Street, Lawrence, MA 01840-1604.

8. Upon information and belief, the defendant, CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL  LATINO AMERICANO, is a Domestic

(e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

27. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT III

28. Plaintiff hereby incorporates paragraphs "1" through "27", inclusive, as though fully set forth herein at length.

29. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights thereto.

31. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and

Corporation, incorporated and licensed to do business in the Commonwealth of Massachusetts.

9. Upon information and belief, the defendant, CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO, is a partnership licensed to do business in the Commonwealth of Massachusetts.

10. Upon information and belief, the defendant, CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO, is a sole proprietorship licensed to do business in the Commonwealth of Massachusetts.

## COUNT I

11. Plaintiff, **GARDEN CITY BOXING CLUB, INC.**, hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10", inclusive, as though set forth herein at length.

12. By contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, was granted the right to distribute the **DeLaHoya/Campas** program (this includes all undercard bouts and the entire television broadcast) scheduled for **May 3, 2003** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

13. Pursuant to the contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, entered into subsequent agreements with various entities in the Commonwealth of Massachusetts, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, **GARDEN CITY BOXING CLUB, INC.**, expended substantial monies in

21. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "21", inclusive, as though fully set forth herein.

23. Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

25. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is entitled to damages, under 47 U.S.C. §605

consideration of the aforementioned agreement to transmit the Program to those entities in the Commonwealth of Massachusetts, which in turn, entered into agreements with plaintiff, **GARDEN CITY BOXING CLUB, INC.,** to exhibit the Program to their patrons.

15. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights thereto.

18. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

19. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** has a private right of action pursuant to 47 U.S.C. §605.

20. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Garden City Boxing Club, Inc. vs. Jorge Mejia, et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

   — IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   — V. 150, 152, 153.


05 10705 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Wayne D. Lonstein, LONSTEIN LAW OFFICE, P.C.
ADDRESS 1 Terrace Hill, P.O. Box 351, Ellenville, NY 12428
TELEPHONE NO. (845) 647-8500

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.
**(a) PLAINTIFFS** Garden City Boxing Club, Inc., as Broadcast Licensee of the 5/3/03 DeLaHoya/Campas Program

**DEFENDANTS** Jorge Mejia, et al

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Essex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05 10705 RCL**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lonstein Law Office, P.C.
P.O. Box 351, Ellenville, NY 12428
Tel. (845)647-8500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☒ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. §605, et seq. and §553, et seq.

Brief description of cause: Defendants violated the distribution rights owned by the plaintiff. The plaintiff had the exclusive license to show and/or distribute fights and undercard bouts commercially in a territory that encompassed the State of Massachusetts.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 270,000.00 plus fees as to each defendant.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): NONE

JUDGE _____   DOCKET NUMBER _____

DATE 4/4/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____