UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

---

**GARDEN CITY BOXING CLUB, INC.,**
as Broadcast Licensee of the **May 3, 2003
DeLaHoya/Campas**, Program,

                  Plaintiff,

-against-

JORGE MEJIA, *et al.,*

                  Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW**
Civil Action No. 05-CV-10705-RCL-MBB
Honorable Reginald C. Lindsay

---

Plaintiff submits the following in support of its request for a Default Judgment against the Defendants, **JORGE MEJIA, Individually, and as officer, director, shareholder and/or principal of CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO, and CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL  LATINO AMERICANO**

### FACTS

The relevant facts can be briefly stated and are fully set forth in the accompanying exhibits and Plaintiff's underlying Complaint. Garden City Boxing Club, Inc., brought this action on April 8, 2005, alleging that the Defendants hereto knowingly and willfully violated the Communications Act of 1934, as amended.  The Complaint, ECF document  No. 1,  alleges that the Defendants, operators of taverns and restaurants in  the Boston area, unlawfully intercepted and exhibited the DeLaHoya/Campas boxing event on May 3, 2003.

Copies of the Summons and Complaint were served on Defendants, **JORGE MEJIA, Individually, and as officer, director, shareholder and/or principal of CLUB CULTURAL**

**LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO, and CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO**, as set forth in the proofs of service by Nicole Jost, which were filed with the Court on August 29, 2005 ECF document Nos. 4, and 5.

As the Complaint and the Affidavit of Plaintiff's President, Joseph Gagliardi, submitted simultaneously both reveal, Plaintiff owns the distribution rights to the May 3, 2003, DeLaHoya/Campas boxing event, which was broadcast either by closed circuit television or by encrypted satellite signal. For a fee, commercial establishments could legitimately receive an unscrambled signal, enabling them to view the program by contracting with the Plaintiff. However, through the use of methods that required the performance of some deliberate and willful act, potential purchasers, such as the Defendants herein, illegally obtained programs without paying the Plaintiff for the rights to exhibit said event.

In order to combat the serious erosion of market sales caused by such piracy, Plaintiff hired investigative agencies to retain independent auditors to visit various bars and restaurants in the Boston area on the night of May 3, 2003, to see whether these establishments were intercepting and publicly displaying the DeLaHoya/Campas boxing event without authorization from, or payment to, Plaintiff and its affiliates.

The auditors visited numerous locations where the DeLaHoya/Campas boxing event was exhibited. Among the locations the auditors observed exhibiting the DeLaHoya/Campas match without authority to do so was that of the Defendants herein. Defendants' display of the event was verified by independent auditor Thomas P. Wood, attached to the Plaintiff's Affidavit as Exhibit C. The auditor entered the Defendant establishment without paying a cover charge and saw two television set exhibiting a portion of the event to approximately 200 individuals in an

establishment with a capacity of 300 people. The exhibition most likely led to an increased number of patrons and, thus, an increase in profits from food and beverages, all to the financial detriment of Plaintiff and its legitimate customers.

After proper service on the Defendants, the Defendants herein did not answer or otherwise appear within the time to answer, nor did they request an extension of time to file. Plaintiff sought an entry of default, which was granted by the Clerk of the Court on September 15, 2005. Said Defendants are not infants or incompetents. Upon information and belief, the Defendants are not presently in the military service of the United States.

## NATURE OF DEFAULT

Defendant's default may be deemed an admission of the facts alleged in the complaint. Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). Plaintiff's complaint establishes the elements of liability required to state a claim under 47 U.S.C. 553 and 47 U.S.C. 605. Under 553(a)(1) liability exists if a person intercepts or receives or assists in receiving any communication service over a cable system without authorization. Under 605(a) liability hinges on the interception of radio communications and its divulgence to any person. Defendants herein, by their default, have admitted that, without authorization from Plaintiff, they illegally intercepted the scrambled transmissions of the DeLaHoya/Campas boxing event. Defendants have also admitted that knowingly and wilfully intercepting the programming, and offering it to patrons of the establishment for private financial gain or commercial advantage.

Plaintiff, by contract, was granted the right to distribute the DeLaHoya/Campas event on May 3, 2003, via closed circuit television. Pursuant to the aforesaid contract, Plaintiff entered into subsequent agreements with various entities in the State of Massachusetts allowing them to publicly exhibit the program to their patrons. Plaintiff expended substantial monies in

consideration of the aforementioned agreement to transmit the said boxing match to those entities within the State of Massachusetts who had contracted for same with the Plaintiff for exhibition to their patrons.

The Defendants and/or his/its/their agents, servants, workmen or employees, with full knowledge that said closed circuit program was not to be received and/or exhibited by entities unauthorized to do so, did, at the time of its transmission, exhibit the closed circuit program at their principal place of business willfully, and for purposes of direct or indirect commercial advantage or private financial gain and with the intent of willfully defrauding Plaintiff of revenue.

The event in question originated via a satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.  In the only published case in the District of Massachusetts that is similar to the instant case, Joe Hand Promotions v. Salinetti, 148 F. Supp. 2d 119 (D. Mass. 2001), the court awarded $15,700.00 in damages under 47 U.S.C. 605.

A claimant who has established liability under 605(a) may elect between actual or statutory damages under 605(e)(3)(C)(i).  Plaintiff elects for statutory damages pursuant to 605(e)(3)(D)(i)(II).  Under 605(e)(3)(C)(ii) enhanced damages are available where the violation was willful and was committed for direct or indirect commercial advantage or private financial gain.  Following Time Warner Cable v. Olmo, 977 F. Supp. 585, 589 (E.D.N.Y.) the Court in Salinetti awarded enhanced damages based on the willfulness inherent in the Defendant's default saying, "After all that is the nature of the default...Disregarding this litigation has been done at the Defendant's peril."   The Court found that the defendants in that case "had to have acted wilfully and for the purpose of an indirect, if not direct, commercial advantage or financial gain."

quoting Time Warner Cable v. Googie's Luncheonette, 77 F. Supp. 2d 485 (S.D.N.Y. 1999): "Signals do not descramble themselves spontaneously, nor do television sets connect themselves to cable distribution systems."

Congress in its legislative wisdom has decreed that substantial monetary damages be available as a deterrent to future unlawful behavior.  Each decision to violate the law is a financial one.  A Defendant who believes he can violate the law with impunity and never pay for his misdeeds, will continue to do so.  Rampant piracy of events like the one in question will continue until Defendant's realize it is just too expensive to keep stealing.  As long as Defendant's can attract patrons by exhibiting these events, and the cost of doing so is low, they will continue to be pirates.  For most commercial Defendants, once the technology or plan is in place to pirate these events, they do so again and again.

## DAMAGES

Pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), Defendants are indebted to Plaintiff for the unlawful exhibition for commercial advantage of the closed circuit television signal of the DeLaHoya/Campas event on May 3, 2003, in the sum of up to $10,000.00 in the discretion of the Court.

In addition, pursuant to 47 U.S.C. §605(e)(3)(C)(ii) Plaintiff is entitled to an additional statutory damage amount of up to $100,000.00 in the discretion of the Court  for the intentional unlawful interception of the closed circuit television signal of the DeLaHoya/Campas event on May 3, 2003.  The amount of damages to be awarded rests in the sound discretion of the court pursuant to 605(e)(3)(C)(i)(II).

In Salinetti, the only published Massachusetts case under the Federal Communications Act brought against a commercial establishment for pirating an event, the court noted  that

"Defendants cannot expect that, by ignoring the action they will only be subject to the costs they would have paid had they acted legitimately." In order to provide a deterrent to others, as well as the to the defendant in that case, and to put violators "on notice that it costs less to obey the ... laws than to violate them" (a quote from Rogers v. Eighty Four Lumber Co, 623 F. Supp. 889 (W.D. Pa. 1985)), the court awarded five (5) times the cost the establishment would have paid to legally purchase the event plus enhanced damages of $2,500.00. The rate card attached to the Attorney Affidavit reveals that this establishment with a capacity of approximately 300 would have paid $3,500.00 to $4,500.00 to exhibit this event. In the instant case an award of five (5) times the licensing fee plus $2,500.00 would amount to $25,000.00. Such an amount would provide the deterrent incentive that Congress contemplated when it enacted this statute.

The Court in Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc., 219 F. Supp. 2d 769, 2002 U.S. Dist. LEXIS 16247 (S.D. Tx. 2002), noted that deterrence is one of the goals of 47 U.S.C. §605 and that to require the offending establishment to pay the price it would have paid had it legally contracted to exhibit the event "would do nothing to accomplish this objective of the statute." Id. at 776. The Court further addressed willfulness in its opinion, awarding enhanced damages:

> Based on the limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held conduct such as that of [defendant] in this case to be willful and for the purposes of direct or indirect commercial advantage or private financial gain.

Id. at 776 (citations omitted). The Court noted that "willfulness has been defined by the Supreme Court as 'disregard for the governing statute and an indifference for its requirements.'" Cablevision Sys. N.Y. City Corp. v. Lokshin, 980 F. Supp. 107, 114 (E.D.N.Y. 1997) (quoting

Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126, 83 L. Ed. 2d 523, 105 S. Ct. 613 at 613027 (1985)).

The Southern District of New York has held that "Signals do not descramble spontaneously, nor do television sets connect themselves to cable distributions systems." Time Warner Cable of New York City v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485 (S.D.N.Y. 1999).

Plaintiff urges that the maximum amount of statutory damages under 605(e)(3)(C)(i)(II), $10,000.00 be awarded in this case. Plaintiff further urges that substantial enhanced damages be added to it pursuant to 605(e)(3)(C)(ii) of up to $100,000.00. In deference to Plaintiff Counsel's obligation to zealously represent its client, the prayer below includes a prayer for the full statutory amount available to the Plaintiff.

### PERMANENT INJUNCTION

Plaintiff prays for an injunction pursuant to 605(e)(3)(B)(i) enjoining defendants from violating sections 605 or 553. Many business establishments that pirate event, pirate several. Once the technology or plan is in place, it is simple to replicate the piracy. Such acts of piracy cost the Plaintiff millions of dollars in revenue each year and while at the same time reducing the lawful business that the Plaintiff can attract. The damage caused to the Plaintiff by these acts is irreparable, entitling Plaintiff to an injunction. Plaintiff respectfully requests an injunction be entered to deter future violations of the Federal Communications Act.

### FEES AND COSTS

The Federal Communications Act provides that full costs, including attorney fees shall be

awarded to an aggrieved party who prevails. Plaintiff has expended filing fees, service of process costs, attorney fees, and investigative expenses pursuing this case. The Court in <u>Salinetti</u> awarded costs including reasonable attorney fees, filing fee, service of process costs and investigative costs. Plaintiff prays for that the costs and fees as set forth in the Attorney Affidavit of Costs and Fees be awarded pursuant to 605(e)(3)(B)(iii).

## CONCLUSION

Plaintiff is entitled to a default judgment against Defendants holding them liable for a sum, in the discretion of the court of <u>up to</u> the sum $110,000.00 for violation of 605(a). Plaintiff is also entitled to full litigation costs including investigative and attorney. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in these default judgments as the interest of justice require the issuance of judgment as requested without further delay. The judgments requested herein are for a sum certain within the discretion of this court so no inquest is necessary. Plaintiff prays that this Motion be heard on submission.

**WHEREFORE,** your deponent respectfully requests that this Court in its discretion grant a permanent injunction and judgment by default under 605(a) on COUNT I of the Plaintiff's complaint against the Defendants as follows:

**JORGE MEJIA**, Individually, and as officer, director, shareholder and/or principal of **CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL LATINO AMERICANO**

1) under 605(e)(3)(C)(i)(II) in the sum of TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) costs and Attorney fees of ONE THOUSAND SEVENTY-FIVE DOLLARS ($1,075.00)

**CLUB CULTURAL LATINO AMERICANO, INC. d/b/a CLUB CULTURAL  LATINO AMERICANO**

1)      under 605(e)(3)(C)(i)(II) in the sum of TEN THOUSAND DOLLARS ($10,000.00)

2)      and under 605(e)(3)(C)(ii) a sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for increased damages for Defendant's willful violation of 605(a)

3)      and under 605(e)(3)(B)(iii) costs and Attorney fees of ONE THOUSAND SEVENTY-FIVE DOLLARS ($1,075.00))


Dated: November 16, 2005
      Ellenville, NY 12428

By: /s/ Wayne D. Lonstein
Wayne D. Lonstein, Esq.
Bar Roll No. 629060
Attorney for Plaintiff
1 Terrace Hill, P.O. Box 351
Ellenville, NY   12428
Telephone: 845-647-8500
Facsimile:   845-647-6277
*Our File No.   03-5MA-03G*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

-----------------------------------------------------------------

**GARDEN CITY BOXING CLUB, INC.,**
as Broadcast Licensee of the **May 3, 2003**
**DeLaHoya/Campas**, Program,

                          Plaintiff,

                          **RULE 54(b) STATEMENT**
  -against-                      Civil Action No. 05-CV-10705-RCL-MBB
                          Honorable Reginald C. Lindsay

JORGE MEJIA, *et al.,*

                          Defendants.
---------------------------------------------------------

      Plaintiff, Garden City Boxing Club, Inc., as and for its Statement pursuant to Rule 54(b) of the Federal Rules of Civil Procedure hereby states as follows:

      There is no just reason for delay in this Default Judgment as the interest of justice require the issuance of judgment as requested without further delay, as the defaulting Defendants are the only remaining Defendants in this case.

Dated: November 16, 2005
      Ellenville, NY  12428                        LONSTEIN LAW OFFICE, P.C.

                                                  By: /s/ Wayne D. Lonstein
                                                      Wayne D. Lonstein, Esq.
                                                         Bar Roll No. 629060
                                                         Attorney for Plaintiff
                                                         1 Terrace Hill, P.O. Box 351
                                                          Ellenville, NY   12428
                                                         Telephone: 845-647-8500
                                                         Facsimile:   845-647-6277
                                                         *Our File No.  03-5MA-03G*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

-----------------------------------------------------------------

**GARDEN CITY BOXING CLUB, INC.,**
as Broadcast Licensee of the **May 3, 2003**
**DeLaHoya/Campas**, Program,
                         Plaintiff,

       -against-

JORGE MEJIA, *et al.,*
                        Defendants.
-----------------------------------------------------

**STATEMENT FOR JUDGMENT**
Civil Action No. 05-CV-10705-RCL-MBB
Honorable Reginald C. Lindsay

| | |
|---|---|
| **Principal Amount**..........................................................................................$ | 110,000.00 |
| **Costs:** | |
|     Filing Fees (per defendant)............................................................$ | 125.00 |
|     Service Fees (per defendant).........................................................$ | 100.00 |
|     Auditor Cost (per defendant).........................................................$ | 175.00 |
|     Attorney Fees (per defendant)......................................................$ | 675.00 |
| **TOTAL**.........................................................................................................$ | **111,075.00** |

LONSTEIN LAW OFFICE, P.C.

By: /s/ Wayne D. Lonstein
     Wayne D. Lonstein, Esq.
     Bar Roll No. 629060
     Attorney for Plaintiff
     1 Terrace Hill, P.O. Box 351
     Ellenville, NY   12428
     Telephone: 845-647-8500
     Facsimile:   845-647-6277
     *Our File No.  03-5MA-03G*